UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELAN J. MOSLEY, | No. 2:19-cv-00393-KJM-CKD-P |
| Plaintiff, | |
| v. | ORDER |
| STEVEN CARGILL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////
/////
/////

**II.     Allegations in the Complaint**

On July 23, 2018, plaintiff was transferred to California State Prison-Solano[1] with fractured left toes which required regular cleaning and dressing changes. ECF No. 1 at 7. After waiting 16 days, plaintiff's dressing was finally changed, but by that time he had developed an infection to the bone in his second left toe. Id. Due to inadequate dressing changes and lack of antibiotics to treat the infection, plaintiff's second left toe had to be amputated. ECF No. 1 at 8. Plaintiff seeks compensatory and punitive damages for the loss of his toe as well as his pain and emotional distress. ECF No. 1 at 12.

Plaintiff identifies two defendants by name as well as "Does 1-50." In count one, plaintiff alleges that defendant Steve Cargill, the Health Care C.E.O. at CSP-Solano was deliberately indifferent to his serious medical needs for treatment of his fractured toes by failing to monitor or supervise the medical staff. ECF No. 1 at 9-10. In his second cause of action, plaintiff contends that his treating physician at CSP-Solano, Dr. Jaime Cortes, acted with deliberate indifference to his serious medical needs by not following up to see if plaintiff's dressings were being changed as the doctor had ordered. ECF No. 1 at 10. Plaintiff also alleges that defendant Cortes failed to ensure that a surgical evaluation which he ordered "ASAP" was in fact done. ECF No. 1 at 10-11. According to the complaint, these actions by defendants violated the Eighth Amendment's protection against cruel and unusual punishment.

**III.     Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted against any named defendant. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Here, plaintiff alleges that defendant Cargill was responsible for his injuries due to his failure to supervise the healthcare staff at CSP-Solano. However, there is no supervisory liability in federal civil rights actions. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation

---

[1] Hereinafter referred to as "CSP-Solano."

omitted) . . . [t]here is no respondeat superior liability under section 1983."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). In the complaint plaintiff only asserted that defendant Cargill knew of the constitutional violations because he had access to plaintiff's medical records. That is not a sufficient basis upon which to establish defendant Cargill's liability for the delays in plaintiff's medical treatment. Therefore, to the extent that plaintiff seeks to impose liability upon defendant Cargill based upon his supervisory role, plaintiff fails to state a claim.

With respect to defendant Cortes, the allegations in the complaint identify specific medical orders that he issued for the treatment of plaintiff's fractured toes. These included ordering dressing changes, a request for orthopedic surgery, as well as an urgent podiatry consult. ECF No. 1 at 10. Plaintiff faults defendant Cortes for not following-up on any of these orders for additional medical treatment. Id. However, based on the court's reading of the complaint, defendant Cortes was not responsible for changing plaintiff's dressings, administering him an antibiotic, or performing any needed orthopedic surgery. Therefore, plaintiff has failed to sufficiently allege that defendant Cortes was the cause of the injuries which plaintiff sustained. A Section 1983 plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. See 42 U.S.C. § 1983; Soo Park v. Thompson, 851 F.3d 910, 921 (9th Cir. 2017). Here, the allegations in the complaint fail to state a claim that defendant Cortes caused plaintiff's injuries.

Plaintiff names additional Doe defendants in this action. However, unidentified, or "John/Jane Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored."

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants. As a result, the complaint cannot be served at the present time.

**IV.      Leave to Amend**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and concluded that it does not state a claim against any of the named defendants. However, these problems may be fixable, so you are being given the chance to file an amended complaint within 30 days from the date of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: December 9, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mosl0393.screening.docx