UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELAN J. MOSLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVE CARGILL, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-00393-KJM-CKD<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's first amended complaint is now before the court for screening.

**I.   Screening Requirement**

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

## II.     Allegations in the First Amended Complaint

Plaintiff is a CDCR inmate who suffers from the chronic medical condition known as diabetes mellitus. The allegations in the first amended complaint concern the medical treatment and accommodations plaintiff required as a result of this medical condition at two separate prisons starting in July 2018. Specifically, plaintiff alleges that on July 3, 2018 while an inmate at California State Prison-Folsom ("CSP-Folsom") he fell off his top bunk following a diabetic seizure and received injuries. According to plaintiff, he did not receive adequate medical care for these injuries. Plaintiff also alleges that his injuries were the result of the failure to provide him with a lower bunk accommodation for his medical condition. Following his transfer to California State Prison-Solano ("CSP-Solano") on July 23, 2018, plaintiff failed to receive routine dressing changes for his fractured left toes resulting in the amputation of his second left toe. Plaintiff additionally contends that while at CSP-Solano he did not receive necessary accommodations for his medical condition.

Based on these allegations, plaintiff asserts causes of action based on the deliberate indifference to his serious medical needs in violation of the Eighth Amendment; violations of the Rehabilitation Act of 1973 and the Americans with Disabilities Act for failing to provide him with accommodations for his disability; a conspiracy to deprive him of equal protection of the laws in violation of 42 U.S.C. § 1985; a failure to prevent the equal protection violation contrary to 42 U.S.C. § 1986; and a Fourteenth Amendment violation based on the racial discrimination in determining medical treatment and disability accommodations for prisoners at CSP-Folsom and CSP-Solano. He names five individually named officials at both CSP-Folsom and CSP-Solano, 30 "doe" defendants, as well as the California Department of Corrections and Rehabilitation ("CDCR") as defendants in this action.

## III.     Legal Standards

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and

"any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

### IV.     Analysis

The court finds that plaintiff has improperly joined defendants from two different prisons who were not involved in the same transaction or occurrence in violation of Rule 18 and 20 of the Federal Rules of Civil Procedure. Plaintiff has improperly joined these unrelated claims against multiple defendants in the present single civil action. The allegations in plaintiff's first amended complaint are distinct in time and place. Vague allegations concerning a conspiracy do not satisfy court rules regarding the proper joinder of claims. Because the complaint appears to allege unrelated claims against different defendants, plaintiff must file an amended complaint correcting this defect. Additionally, the allegations in the first amended complaint are vague and insufficient to establish the personal participation of each defendant in the constitutional violations asserted. Therefore, the first amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 13) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 10, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mosl0393.14amd.new.docx